# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY BEAULIEU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-558-SDD-EWD** |
| **WATCO COMPANIES, L.L.C., ET AL.** | |

## ORDER

Before the Court is a Notice of Removal, filed by defendant Watco Companies, LLC ("Watco").[1] Watco removed this matter from state court on August 15, 2017, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] The Notice of Removal makes the following allegations regarding the citizenship of the parties:

> 3. Citizenship of Plaintiff:
> Beaulieu is, and was at the time the state-court action was commenced, domiciled in the State of Louisiana and is a citizen of Louisiana. 28 U.S.C. § 1332(c). *See* Petition, introductory paragraph.
>
> 4. Citizenship of Defendant:
> (a) At the time the action was filed, Watco was, and still is, a Delaware corporation with its principal place of business in Kansas. Its members are citizens of Delaware, Kansas, Texas, California, and North Carolina. At the time that the action was commenced, Watco was not, and still is not, a citizen of the State of Louisiana.
> (b) Beaulieu further names American as a defendant, alleging that it is "a domestic corporation" registered to do and doing business in this state. But American's citizenship is disregarded for purposes of removal because Beaulieu has no viable cause of action against it on the claims alleged.
> (c) Complete diversity of citizenship exists in this case because the only non-diverse defendant, American, has been improperly joined. *See, e.g., Burden v. General Dynamics Corp*., 60 F.3d 213, 217 (5th Cir. 1995). When the citizenship of the improperly joined party is

---

[1] R. Doc. 1.
[2] *Id*. at ¶ 2.

> disregarded, complete diversity exists between Beaulieu and the remaining defendant, Watco. *Id.*[3]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Notice of Removal. While the citizenship of Larry Beaulieu and Watco has been adequately alleged,[4] there is no allegation regarding the citizenship of American Interstate Risk Services Incorporated ("American"). Watco asserts only that American, "is 'a domestic corporation' registered to do and doing business in this state," and that American is, "the only non-diverse defendant."[5] For purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

Accordingly,

**IT IS HEREBY ORDERED** that Watco shall have seven (7) days from the date of this Order to file a comprehensive amended Notice of Removal without further leave of Court properly

---

[3] *Id.* at ¶ 4.
[4] With respect to Beaulieu, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Watco, for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[5] R. Doc. 1 at ¶ 4(b) & (c).

setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.

Signed in Baton Rouge, Louisiana, on September 5, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**